UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RITA BLOUNT,                                                **REPORT AND**
                                                            **RECOMMENDATION**
                        Plaintiff,
                                                            10-CV-00706(A)(M)
v.

STRYKER CORPORATION, STRYKER
ORTHOPAEDICS and STRYKER
SALES CORPORATION,

                        Defendants.
_____

## INTRODUCTION

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [10].[1] Before me is the motion of defendants Stryker Corporation, Stryker Orthopaedics and Stryker Sales Corporation (collectively referred to as "Stryker") for summary judgment [36]. Oral argument was held before me on February 29, 2012 [44]. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

This is a products liability action in which plaintiff alleges that she was injured by a defective implant device manufactured and distributed by Stryker, which was inserted during hip replacement surgery performed by Dr. Graham Huckell on June 23, 2007. Because the

_____

[1]     References are to CM/ECF docket entries.

device was replaced and discarded during a second surgery by Dr. Marcus Romanowski on July 22, 2009,[2] neither plaintiff nor Stryker have been able to examine or test it.

In moving for summary judgment, Stryker argues that plaintiff will be unable to meet her burden of proving at trial that its product was defective, or that it failed to give appropriate warnings. *See* Stryker's Memorandum of Law [36-1] and Reply Memorandum of Law [43]. Plaintiff responds that there are factual issues as to the product's defect and Stryker's failure to warn. *See* plaintiff's Memorandum of Law [42].

## ANALYSIS

**A.     Standard for Granting Summary Judgment**

"A party moving for summary judgment bears the burden of establishing that there exists no genuine issue of material fact warranting a trial . . . . In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." Gummo v. Village of Depew, N.Y., 75 F.3d 98, 107 (2d Cir.), cert. denied, 517 U.S. 1190 (1996); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"Once that burden has been established, the burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial . . . . To carry this burden, the non-moving party must present evidence sufficient to support a jury verdict in its favor." Guerrero v. Lowe's Home Centers, Inc., 462 F. Supp.2d 399, 406 (W.D.N.Y. 2006)

---

[2]     Plaintiff testified that "[i]t was thrown in the trash . . . . The hospital disposed of it". Shah Declaration [37], Ex. 2, pp. 43-44.

(Siragusa, J.), aff'd, 254 Fed. Appx. 865 (2d Cir. 2007) (Summary Order). See also Celotex, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

I will address each of plaintiff's claims in light of that standard.

**B.     Can Plaintiff Prove That Stryker's Product Was Defective?**

Although plaintiff offers no proof of a specific defect in Stryker's product, she argues that she "need not specify a specific product defect in order to raise a triable issue of fact in response to this motion". Plaintiff's Memorandum of Law [42], p. 3. "It is well established that a products liability case may be proven by circumstantial evidence and thus, a plaintiff need not identify a specific product defect. In such cases, a plaintiff must prove that the product did not perform as intended and exclude *all* other causes for the product's failure that are not attributable to defendants" (id., emphasis added). See also Riegel v. Medtronic, Inc., 451 F.3d 104, 125 (2d Cir. 2006), aff'd on other grounds, 552 U.S. 312 (2008) ("Because the Riegels do not have the actual Evergreen Balloon Catheter that was used during Mr. Riegel's angioplasty, they can prevail only by . . . . exclud[ing] all other causes for the product's failure that are not attributable to defendants").

Thus, in order to meet her burden of proof at trial - or to defeat this motion - plaintiff must exclude not just some, but *all* potential causes of the product's failure that are not attributable to Stryker. The record indicates that there are several potential causes, including

trauma, infection, allergic reaction, osteolysis,[3] stress shielding, and undersizing or mal-aligning of the implant. *See* testimony of Stryker's director of hip product development, Adam Bastian, (Shah Declaration [37], Ex. 7, pp. 57-58), and report of Stryker's expert biomedical engineer, Kevin Ong, Ph.D. (id., Ex. 8, p. 2).[4] Although Dr. Ong concludes that there is "strong evidence that the sizing of the implant was not adequate" (id., p. 5), he cautions that "[t]he loosening of uncemented femoral implants can be attributed to *a number of factors* other than design", and states that "[i]nspection of the explant is needed to provide confirmation of the cause of the loosening" (id., emphasis added).

In opposing Stryker's motion, plaintiff addresses only Dr. Ong's theory that the implant was improperly sized, arguing that "the evidentiary facts in this case dispute Dr. Ong's contention that the implant size was improper and raises triable issues of fact". Plaintiff's Memorandum of Law [42], p. 5. However, plaintiff makes no attempt to rule out *other* possible causes of the malfunction, reasoning that "Dr. Ong does not cite evidence of any other factors a being issues" (id.), and that "[t]here was no testimony elicited from Dr. Romanowski or evidenced in his records that any of the other causes alleged by Dr. Ong could result in femoral loosening as being relevant factors in this case" (id.).

---

[3]   Osteolysis is defined as "dissolution of bone". Webster's Third New International Dictionary (Unabridged).

[4]   Although Dr. Ong's report is not submitted in evidentiary form, plaintiff has not objected to it on that basis, and in fact refers to it herself (*see* plaintiff's Memorandum of Law [42], pp. 4-6). The "failure to present evidence in a form admissible at trial is a technical defect, and, as such, any objection to the form of a submission is waived if the opposing party fails to bring a timely motion to strike the defective affidavit or other evidentiary submission". Richards v. Princeton Insurance Co., 178 F. Supp.2d 386, 390 n. 1 (S.D.N.Y. 2001).

Plaintiff misplaces the parties' respective burdens on this motion. Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial". Celotex, 477 U.S. at 322. As plaintiff recognizes, in order to prove a product defect by circumstantial evidence, she "must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants". Plaintiff's Memorandum of Law [42], p. 3; Riegel, 451 F.3d at 125.

Therefore, in order to defeat Stryker's motion, plaintiff "has the burden of demonstrating that she can exclude *all other causes* at trial". Stryker's Reply Memorandum of Law [43], p. 5 (emphasis in original) (*citing* Spierer v. Bloomingdale's, 43 A.D.3d 664, 666 (1st Dep't 2007), in which the court granted summary judgment to the defendants because the plaintiffs failed to prove a specific product defect and "did not eliminate other potential causes of plaintiffs' injuries"). As Stryker correctly notes, plaintiff "fails to exclude even one potential cause, let alone all of them". Stryker's Reply Memorandum of Law [43], p. 5. For example, Dr. Romanowski's records state that following the initial hip replacement surgery, plaintiff "went on to develop osteolysis and loosening of the femoral component". Shah Declaration [37], Ex. 6, p. 1. As previously noted, osteolysis is one of the potential causes of loosening of the implant, and plaintiff does not attempt to rule it out as a cause in this case.

Since plaintiff has not met her burden of ruling out causes of the malfunction which are not attributable to Stryker, Stryker is entitled to summary judgment dismissing her

claims based on a product defect, namely negligence, strict liability in tort, and breach of warranty.[5]

C.    **Can Plaintiff Prove That Stryker Failed to Warn?**

Although the Complaint does not expressly allege failure to warn, both sides address the issue as though it had been asserted. Plaintiff argues that Stryker has failed to meet its burden for obtaining summary judgment as to failure to warn because there is "no proof to existence, or extent of, any warnings provided by the defendants, to Dr. Graham Huckell, who implanted the defendants' product into the plaintiff, let alone any proof that said warnings were sufficient". Plaintiff's Memorandum of Law [42], pp. 3-4.

Again, that argument misplaces the burden of proof on this motion. Plaintiff does not dispute that, at trial, she would bear the burden of proving failure to warn. In moving for summary judgment on this claim, Stryker notes that "[t]here is no evidence that Stryker failed to provide adequate warnings to Dr. Hucknell, nor does plaintiff make that allegation. Plaintiff cannot prove a claim of failure to warn." Stryker's Memorandum of Law [36-1], p. 7. "[A]fter 15 months of discovery, Plaintiff identifies no evidence whatsoever related to this claim. Nor is her failure to identify any such evidence surprising, since Plaintiff failed to take discovery of Dr. Huckell, and in New York, 'the manufacturer's duty is to warn the medical community, not the patient'." Stryker's Reply Memorandum of Law [43], p. 7 (*quoting* <u>Mulhall v. Hannafin</u>, 45 A.D.3d 55, 58 (1st Dep't 2007)).

---

       [5]    Plaintiff admits that her "warranty claims basically are encompassed within the strict liability claims". Plaintiff's Memorandum of Law [42], p. 5.

The deadline for concluding pretrial discovery was November 4, 2011 (Amended Case Management Order [33], ¶3). If there is evidence to support plaintiff's failure to warn claim, she should have obtained it by now. Since she has failed to identify any such evidence, that claim should be dismissed.

## CONCLUSION

For these reasons, I recommend that Stryker's motion for summary judgment [36] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by March 19, 2012 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 2, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge